

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RECEIVED

AUG 14 2014

| | | |
|---|---|---|
| ANGEL CARINO-REYES | : | |
|     Complainant/Plaintiff | : | |
| V. | : | No. __14   4809__ |
| COUNTY OF BERKS, PA. | : | |
| READING POLICE DEPARTMENT, ET AL., | : | |
| BERKS CO., POLICE COMMISSIONER | : | (Jury Trial Demanded) |
| DARREN SMITH | : | |
| C.I. HASER | : | |
| OFFICER JOHN DOE #1 | : | |
| OFFICER JOHN DOE #2 | : | |
| OFFICER JOHN DOE #3 | : | |
| OFFICER JOHN DOE #4 | : | |
|     Defendants | : | |

— — — — — — — — — — — — —

CIVIL COMPLAINT

(Pursuant to 42 U.S.C. §1983)

— — — — — — — — — — — — —

COMES NOW, Angel Carino-Reyes, plaintiff pro se, (Mr. Carino-Reyes), and files the instant civil complaint and submits the following for this Honorable Courts review:

I. INTRODUCTION

1. This is a civil action pursuant to Title 42 U.S.C. §1983 for damages and injuries sustained by a citizen of the United States against police officers of the Berks County, Reading Police Department, which unlawfully detained, arrested, assaulted prosecuted, and harassed him, against the Police Commissioner as the supervisory officer responsible for the conduct of the defendant's and for his failure to take corrective action with respect to the police personnel whose vicious propensities were notorious, especially against non-whites, to assure proper training and supervision of the personnel, or implement meaningful procedures to oversee, maintain, regulate, behaviors to discourage lawless official conduct, against the individual officers involved, as well as, against the County of Berks as the employer of the police personnel, which is also sued as a person under 42 U.S.C. §1983.

II. JURISDICTION AND VENUE

2. This action is brought pursuant to Title 42 U.S.C. §1983 and §1988, and the Fourth, Fifth, Eighth, and Fourteenth amendments to the constitution of the United States.

3. The jurisdiction of this Honorable Court is predicated on 28 U.S.C. §§1343(3) and (4) and 1331. This Honorable Court also has supplemental/pendant jurisdiction over State law claims arising out of the same operational event.

4. The Federal Eastern District Court is the proper venue in that it is the District wherein the defendant(s) are employed, as well as, the District wherein the events occurred.

III. PARTIES

5. COMPLAINANT/PLAINTIFF - Angel Carino-Reyes, pro se, (Mr. Carino-Reyes), is a citizen of the United States. At all relevant times his principle address was at 525 Franklin Street, Reading, Pa. 19602. (Note: Mr. Carino-Reyes is currently incarcerated at the State Correctional Institution located at Coal Township, 1 Kelley Drive, Coal Township, Pa. 17866-1021. Mr. Carino-Reyes will be released in approximately Two (2) months and will be prosecuting this action from his new address, which he will immediately provide to the court and defendants).

6. DEFENDANT - COUNTY OF BERKS, PENNSYLVANIA (Berks) - This defendant is a Municipal Corporation within the Commonwealth of Pennsylvania, and at all relevant times, it employed the herein listed defendants officers. This defendant is being sued as a person under 42 U.S.C. §1983. For purposes of this civil action this defendant was acting under color of State law.

7. READING POLICE DEPARTMENT, ET AL., (Police Dep't) - This defendant is being sued as a person under 42 U.S.C. §1983. This defendant is being sued as supervisor and vicariously. This defendant's principle address is Reading Police Department, 801 Washington Street, Reading, Pa. 19601. For purposes of this civil action this defendant was acting under color of State law.

8. DEFENDANT - BERKS COUNTY POLICE COMMISSIONER (Commissioner) - At all relevant times the Commissioner was the duly appointed Commissioner of the Berks County Police Department. As such, he was commanding, and had the oversight of, the defendant officer's listed herein. He was responsible for their training, supervision and conduct, as well as, potentially, creating and implementing procedures, regulations and policies relating to performing functions as police

3.

officers. He was responsible for enforcing those procedures, regulations and policies of the Berks County Police Department and for ensuring that Berks County police personnel obey the laws of the Commonwealth of Pennsylvania and of the United States. At all relevant times he was acting in such capacity as the agent, servant and employee of the defendant County of Berks. At all relevant times he was acting under color od State law.

9. DEFENDANT - OFFICER DARREN C. SMITH (Smith), badge No. 630 - At all relevant times Smith was a police officer employed by the Berks County Police Department to perform duties in the city/town of Reading, Pennsylvania and was assigned to the Reading precinct. At all relevant times he was acting in such capacity as the agent, servant and employee of the defendant County of Berks. At all relevant times his principle work address was Reading Police Department, 801 Washington Street, Reading, Pennsylvania 19601. At all relevant times he was acting under color of State law. Officer Smith is being sued in his official and/or individual capacity.

10. DEFENDANT(S), OFFICER C.I. HASER (Haser) - At all relevant times officer Haser was a police officer employed by the Berks County Police Department to perform duties in the city/town of Reading, Pennsylvania and was assigned to the Reading precinct. At all relevant times he was acting in such capacity as the agent, servant and employee of the defendant County of Berks. At all relevant times his principle work address was Reading Police Department, 801 Washington Street, Reading, Pennsylvania 19601. At all relevant times he was acting under color of State law. Officer Haser is being sued in his official and/or individual capacity.

11. DEFENDANTS, OFFICERS JOHN DOE'S, NUMBERS 1, 2, 3, and 4 - At all relevant times said Doe officer's were police officers employed by the Berks County Police department to perform duties in the city/town of Reading,

Pennsylvania and was assigned to the Reading precinct. At all relevant times officer Doe's were acting in such capacity as the agent, servant and employee of the defendant County of Berks. At all relevant times their principle work address was Reading Police Department, 801 Washington Street, Reading, Pennsylvania 19601. At all relevant times they were acting under color of State law. Each Doe defendant is being sued in his official and/or individual capacity.

IV. STATEMENT OF THE FACTS

12. The averments of paragraphs 1-11 are incorporated herein by reference as if presented in full.

13. On August 23, 2012, at approximately 11:45 p.m., plaintiff was walking home when an officer shouted "stop, stop", at which point plaintiff stopped and asked why he was ordered to stop when he had done nothing wrong.

14. Officer Smith became aggressive and accused plaintiff of throwing an object at a vehicle. Plaintiff replied that he must be mistaking because he had done nothing wrong., he had the wrong person.

15. Officer Smith became even more aggressive as officer Haser approached. As officer Haser approached he asked plaintiff if he saw anyone throwing something at a vehicle. I looked at officer Smith and said, "see, I told you I didn't do anything".

16. Officer Smith in response grabbed my arm as officer Haser grabbed my other arm and I was handcuffed.

17. After being handcuffed I was forcefully thrown face down onto the

pavement as officer's Doe's appeared.

18. After being slammed to the pavement and defenseless plaintiff was repeatedly punched and kicked by all officers present. The beating lasted approximately Twenty (20) to Twenty Five (25) minutes.

19. The officers then lifted me up and threw me into the police vehicle and transported to the Reading police department.

20. Plaintiff was taken to a hallway where he sat as staff people asked him questions regarding his name and address, as well as, took pictures of his injuries.

21. Plaintiff sat on that bench for quite some time before being taken before a judge.

22. Plaintiff was taken before a judge who determined that there was no probable cause to detain plaintiff and ordered his release. After a period of time plaintiff was released.

23. Once released plaintiff went to his Aunt's house (Carman Carino), and when she saw plaintiff's distraught demeanor and injured she asked what happened. Plaintiff them explained everything that happened. Plaintiff's cousin, Joshua Corino, saw plaintiff condition and told plaintiff that he should do something about what happened.

24. After some discussion the police were called and an officer responded to plaintiff's aunt's home. Plaintiff told the police what had occurred and how that hewas in fear for his life

25. The police, after interviewing plaintiff and seeing his state of fear suggested that plaintiffseek the help of a trained psychiatrist, and plaintiff agreed. The police then called the psychiatric hospital and transported plaintiff to that facility. (Note: Plaintiff was attempting to file an official

complaint against the offending officers, however, the meeting with the responding police somehow turned into a plea for help and the complaint was never processed or pursued by the responding officer. Plaintiff alleges that it was a designed ploy by the responding officer to shift the focus of the meeting from one of filing a complaint to one of seeking help for plaintiff paranoia. That is why John Doe Number 4 was listed in the instant complaint).

26. After arrival at the psychiatric hospital and talking with staff there plaintiff was prescribed medications for his pain and anxiety. The pyschiatric staff further suggested that plaintiff be sent to St. Joseph's Hospital to have his injuries tended.

27. At St. Joseph's Hospital plainitff's wounds were cleaned out and bandaged. After medical attention plaintiff was transported back to the psychiatric hospital for further treatment due to his fear, anxiety and paranoia.

28. Plaintiff stayed at the psychiatric hospital for approximately Four (4) to Five (5) days before being released.

29. As a direct result of the misconduct of the defendant's listed herein plaintiff experienced humiliation, emotional distress, pain and suffering, incurred expenses and unlawfully suffered a loss of freedom.

30. On information and belief defendant County, authorized, tolerated as institutional practices, and ratified the misconduct herein described by:

A) - Failing to properly discipline, restrict, and control employees, including defendant(s) Smith, Haser, and officer's Doe's, who were known to be irresponsible in their dealings with citizens of color of the community;

B) - Failing to take adequate precautions in hiring, promotion and


AUG 1 4 2014
RECEIVED

retention of police personnel, including specifically the defendant's listed herein;

C) - Failing to forward to the office of the District Attorney of Berks County evidence of criminal acts by police personnel, i.e., the assault on plainitff and subsequent plaintiff attempted to file;

D) - Failing to establish and/or assure the functioning of a bona-fide and meaningful departmental system for dealing with complaints of police misconduct. This practice/conduct constitutes negligence/gross negligence under State law.

31. As a consequence of teh above-listed abuse of authority described plaintiff sustained injuries listed supra, infra. (Note: In addition to this abuse of authority, there exists yet another, i.e., officer Smith's re-filing of a complaint against plaintiff).

32. Based upon fabricated alleged facts officer Smith re-filed the complaint against plaintiff on September 25, 2012, and thereafter obtained a warrant for plaintiff's arrest.

33. Whether deliberately, or otherwise, a Notice to Appear was sent to an a prior address where plaintiff lived and not the address plaintiff provided to the police when he was first taken to the police station and asked where he lived.

34. Because plaintiff did not appear the police acted upon the warrant and arrested plaintiff for failure to appear. Plaintiff was re-arrested on the Criminal Mischief charge, Pa. Crimes Code §3304(a)(5), as well as, another fabricated charge of Public Drunkenness, Pa. Crimes Code §5505.

35. On November 23, 2012, plaintiff was taken before the Honorable Judge

Wally Scott regarding the re-filed, and additional, charges.

36. After inquiry and investigation the Honorable Judge Scott determined that there was no legal basis in which to detain plaintiff and again his release was ordered.

V. FEDERAL CAUSES OF ACTION

37. The averments of paragraphs 1-36 are incorporated herein by reference thereto as though presented in full.

38. The herein listed actions and omissions engaged in under the color of State authority by the defendant's, including defendant County of Berks, sued as a person, is responsible because of its authorization, condonation, and ratification thereof for the acts if its agents, deprived the plaintiff of rights secured to him by the constitution of the United States, including but not limited to, his Fourth, Fifth, Eighth, and Fourteenth protections to be entitled to be free from unlawful restraint and imprisonment, as well as, to be free from cruel and unusual punishment and provided adequate due process and equal protection of the laws.

VI. SUPPLEMENTAL/PENDANT CAUSES OF ACTION

39. The averments of paragraphs 1-38 are incorporated herein by reference thereto as if though presented in full.

- FIRST CAUSE OF ACTION -

(Excessive Use of Force)

40. The defendant(s) listed herein, without justifiable cause violently

beat the plaintiff after he was handcuffed and no threat to the officers or others. In cases of arrest and resisting arrest the officers are allowed to use a force that is necessary to subdue the offender, nothing more. In the instant case the plaintiff was never a threat of any kind. He was argumentative, stopped when the officer requested that he stop, and never posed a threat to others, and yet, he was subjected to extreme violence and suffered physical and emotional injuries therefrom.

-SECOND CAUSE OF ACTION -

(Assault and Battery)

41. After the plaintiff was handcuffed and completely defenseless the defendant's repeatedly kicked and punched the plaintiff while he was on the ground. This personal attack lasted approximately Twenty (2) to Twenty Five (25) minutes, thus evincing evil motive and deliberate intent to do bodily damage to plaintiff.

- THIRD CAUSE OF ACTION -

42. The defendant's listed herein unlawfully detained plaintiff without probable cause in that they did not personally see the plaintiff do any illegal act. When the second officer arrived he asked the plaintiff "did you see" anyone throwing an object at a vehicle, evincing the fact that the police were merely "looking for" a witness. At that point there was absolutely no justification for officer Smith to physically grab plaintiff, handcuff him and throw him to the ground.



- FOURTH CAUSE OF ACTION -

(False Arrest)

43. Without probable cause, i.e., actual knowledge that plaintiff committed or was about to commit a crime, the defendant's took plaintiff into custody and

11.

- SEVENTH CAUSE OF ACTION -

(Abuse of Authority)

46. Officer Smith used his position of authority in order to obtain an arrest warrant for plaintiff by providing false information to the issuing authority. As stated previously. officer Smith claimed that plaintiff was intoxicated when he was not and in addition stated that there was damage in the amount of $3,483.32 to a vehicle because plaintiff threw "an object" at it. That asswertation is an obvious fabrication for Two (2) distinct reasons, i.e., officer Smith claimed that there was damage to "the rear window" and "dents", plural, to the roof. First, there cannot be damage to the rear window and several dents when plaintiff allegedly thew "an object", singular. Listed damage would have had to have occurred due to several objects being thrown at the vehicle. Secondly, Officer Smith, when before the judge stated that there was $500 dollars damage, not the $3,483.32 quoted in the affidavit of probable cause to the issuing authority. Officer Smith "puffed up" alleged facts to justify probable cause which in fact did not exist.

- EIGHTH CAUSE OF ACTION -

(Negligence/Gross Negligence)

47. Plaintiff, after being released, called the police and issued a formal complaint against the offending officers, however, that complaint was never processed or pursued. Rather than processing the complaint the responding officer, John Doe #4, was instrumental in switching the topic and got plaintiff to enter the psychiatric hospital to address his fear and paranoia. After plaintiff was hospitalized for Four (4) or Five (5) days the request to file a formal complaint was effectively negated.

13.

VII. RELIEF REQUESTED

A – COMPENSATORY DAMAGES – Against all defendant's jointly and severally, in an amount in excess of Five-Hundred-Thousand dollars ($500,000.00) or an amount to be decided by a jury;

B – PUNITIVE DAMAGES – Against all defendant's jointly and severally in an amount in excess of Five-Hundred-Thousand dollars ($500,000.00) or an amount to be determined by a jury;

C – NOMINAL DAMAGES – In an amount to be decided by a jury or this Honorable Court;

D – Attorney fees pursuant to 42 U.S.C. §1988;, and,

E – Such other relief as this Honorable Court may deem appropriate under the circumstances.

VERIFICATION

I make these statements with full respects to Title 42 U.S.C. §1746, making false statements to authorities. I verify that these statements are true and correct to the best of my information, knowledge and belief.

WHEREFORE, plaintiff prays this Honorable Court to order the defendant's be served with a copy of the complaint and that this Honorable Court issue a case management schedule.

AUG 1 4 2014
RECEIVED

Respectfully Submitted,

*Angel Corino Reyes*

Angel Corino-Reyes, pro se

14.

CERTIFICATE OF SERVICE

    I hereby certify that I have served a true and correct document entitled CIVIL COMPLAINT, upon the below listed address via United States first class mail, postage prepaid:

Clerk of Court

United States District Court

Eastern District, Pa.

601 Market St. Rm. 2609

Philadelphia, Pa.

       19106-1797

Respectfully Submitted,

Date: August, 5 2014

Angel Carino-Reyes, pro se

I.D. #LB - 7430

1 Kelley Drive

Coal Township, Pa.

       17866-1021

# POLICE CRIMINAL COMPLAINT
## COMMONWEALTH OF PENNSYLVANIA
### vs.

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF BERKS

Magisterial District Number: 23-1-03
MDJ: Hon. WALLY SCOTT
101 N 9TH ST
Address: READING, PA 19601
Telephone: 610-378-5101

PD
11-16-12
8:30
A

DEFENDANT: (NAME and ADDRESS):
ANGEL MANUEL CARINO-REYES
First Name | Middle Name | Last Name | Gen

111 S 7TH ST   2ND FLOOR FRONT
READING   PA   19601

### NCIC Extradition Code Type
- ☐ 1-Felony Ful
- ☐ 2-Felony Ltd
- ☐ 3-Felony Surrounding State
- ☐ 4-Felony No Ex
- ☐ 5-Felony Pend
- ☐ A-Misdemeanor Fu
- ☐ B-Misdemeanor Limite
- ☒ C-Misdemeanor Surrounding State
- ☐ D-Misdemeanor No Extraditio
- ☐ E-Misdemeanor Pendin
- ☐ Distance:

### DEFENDANT IDENTIFICATION INFORMATION

Docket Number: CR441-12
Date Filed: 09/25/12
OTN/LiveScan Number: T240798-5
Complaint/Incident Number: 2012-53143
SID:
Request Lab Services? ☐ YES ☐ NO

GENDER: ☒ Male  ☐ Female
DOB: 02/20/1964
POB:
AKA: First Name / Middle Name / Last Name
Add'l DOB:
Co-Defendant(s) ☐

RACE: ☒ White  ☐ Asian  ☐ Black  ☐ Native America  ☐ Unknow
ETHNICITY: ☒ Hispanic  ☐ Non-Hispanic  ☐ Unknow

HAIR COLOR:
- ☐ GRY (Gray)
- ☒ BLK (Black)
- ☐ BLN (Blonde / Strawberry)
- ☐ RED (Red/Aubn.)
- ☐ ONG (Orange)
- ☐ SDY (Sandy)
- ☐ WHI (White)
- ☐ BLU (Blue)
- ☐ XXX (Unk/Bald)
- ☐ PLE (Purple)
- ☐ GRN (Green)
- ☐ BRO (Brown)
- ☐ PNK (Pink)

EYE COLOR:
- ☐ BLK (Black)
- ☐ HAZ (Hazel)
- ☐ BLU (Blue)
- ☐ MAR (Maroon)
- ☒ BRO (Brown)
- ☐ PNK (Pink)
- ☐ GRN (Green)
- ☐ MUL (Multicolored)
- ☐ GRY (Gray)
- ☐ XXX (Unknown)

Driver License: State PA  License Number: 23269133  Expires:  WEIGHT (Lbs.): 175
DNA: ☐ YES ☐ NO  DNA Locatior:
FBI Number:  MNU Number:  HEIGHT: 5 Ft. 8 In.
Defendant Fingerprinted: ☐ YES ☐ NO
Fingerprint Classification:

### DEFENDANT VEHICLE INFORMATION

| Plate # | State | Hazmat | Registration Sticker (MM/YY) | Comm'l Veh. Ind. | School Veh. | Oth. NCIC Veh. Code | Reg. same as Def. ☐ |
|---|---|---|---|---|---|---|---|
| VIN | | Year | Make | Model | Style | Color | |

Office of the attorney for the Commonwealth  ☐ Approved  ☐ Disapproved Because: _____

(The attorney for the Commonwealth may require that the complaint, arrest warrant affidavit, or both be approved by the attorney for the Commonwealth F to filing. See Pa.R.Crim.P. 507)

(Name of the attorney for the Commonwealth-Please Print or Type)  (Signature of the attorney for the Commonwealth)  (Date)

I, SMITH, DARREN C                                                    630
(Name of the Affiant-Please Print or Type)           PSP/MPOETC -Assigned Affiant ID Number and Badge #

of Reading Police Department                          PA0061400
(Identify Department or Agency Represented and Political Subdivision)   (Police Agency ORI Number)

do hereby state: (check appropriate box)

1. ☒ I accuse the above named defendant who lives at the address set forth above
   ☐ I accuse the defendant whose name is unknown to me but who is described as _____
   ☐ I accuse the defendant whose name and popular designation or nickname are unknown to me and whom I have therefore designated as John Doe or Jane Doe

   with violating the penal laws of the Commonwealth of Pennsylvania at [ 23-1-03 ]     READING
                                                                      (Subdivision Code)    (Place-Political Subdivision)
   700 BLK WASHINGTON STREET
   in       BERKS       County [   06   ] on or about   08-22-12 @ 2343 HOURS
                                (County Code)

AOPC 412A - Rev. 07/10                                              Page ___ of ___

OCT 0 1 2012

# POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: 09/25/2012 | OTN/LiveScan Number | Complaint/Incident Number 2012-53143 |
|---|---|---|---|
| Defendant Name | First: ANGEL | Middle: MANUEL | Last: CARINO-REYES |

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a brief summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) of the statute(s) or ordinance(s) allegedly violated. The age of the victim at the time of the offense may be included if known. In addition, social security numbers and financial information (e.g. PINs) should not be listed. If the identity of an account must be established, list only the last four digits. 204 PA.Code §§213.1-213.7.)

RECEIVED AUG 14 2014

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 |
|---|---|---|---|

| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|---|
| ☒ | 1 | 3304 | (a)(5) | of the | PA CRIMES CODE | 1 | M-2 | | |

| PennDOT Data (if Applicable) | Accident Number | | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description (Include the Name of the Statute or Ordinance):
PACC 3304(a)(5) - Criminal MischiefIn that on the above date and time the defendant did intentio

Acts of the accused associated with this Offense:
PACC 3304(a)(5) - Criminal Mischief M-2

In that on the above date and time the defendant did intentionally damage real or personal property of another, in violation of Section 3304(a)(5) of the PA Crimes Code. M-2

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 |
|---|---|---|---|

| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | 2 | 5505 | | of the | PA Crimes Code | 1 | S | 230 | 90E |

| PennDOT Data (if Applicable) | Accident Number | | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description (Include the Name of the Statute or Ordinance):
PACC 5505 Public Drunkenness - Summary

Acts of the accused associated with this Offense:
PACC 5505 Public Drunkenness - Summary

IN THAT, on or about said date, THE DEFENDANT did appear in a public place manifestly under the influence of alcohol to the degree that said DEFENDANT may have endangered himself or other persons or property, or annoy persons in his vicinity, in violation of Section 5505 of the Crimes Code. (18 P.S. 5505 - Summary)

AOPC 412A - Rev. 07/10                                                                                           Page ___ of ___